Day, O. J.
Where, upon a question of negligence, the facts are disputed, and the proper inference to be drawn-' from the facts is doubtful, the case is peculiarly one for the determination of a jury, under 'proper instructions of the court. We do not, therefore, deem it advisable for us-to pass upon the doubtful question urged upon us, as to-whether the jury were warranted by the evidence in finding a verdict for the plaintiff below. We are relieved front this, for we regard the charge of the court to the jury so far misleading in its general scope and character upon a material point, as to endanger a correct .finding upon the-facts by the jury.
*652 The trouble arises, iu part, from following a practice, too •common, of laying down general propositions, though they ■■may be abstractly right, in such a manner as, when applied to the particular case, tend to embarrass rather than aid the jury in arriving at a correct conclusion.
It is true the jury were told, in substance, that to entitle the plaintiff to recover, he must be without fault himself, :and must prove that he received the injury by reason of the negligence of the defendant. Still the case was so given to them that they might feel warranted in finding for .plaintiff, whatever'his fault might have been, if they found the defendant wanting in ordinary care.
Upon the question of contributory negligence on the ■part of the plaintiff, the jury were, in the first place, instructed that if, by the want of ordinary care, he proximately contributed to the injury, “while the defendant was in the exercise of ordinary care, in the discharge of its ■ duties in the running of its train, the plaintiff could not re- • cover.” This is undoubtedly true, but is misleading, for it implies that the negligence of the plaintiff’ would not exculpate the defendant, unless ordinary care was exercised - on its part. This impression might reasonably be strengthened in the minds of the jury by the fifth, sixth, and seventh i rules of law, prescribed in the charge for the government -of the jury.
Nor could the force of the erroneous impression thus .given to the jury be entirely removed by the fourth rule ;announced in the charge, where the “general rule” is correctly stated; for the jury were told in connection there•with, in substance, that the defendant would not be excused from liability on account of the contributory negligence of the plaintiff, if the defendant was guilty of gross negligence. To say the least, this exception to the general rule in regard to contributory negligence, where the action is grounded upon mere negligence, is of questionable soundness. But without passing upon that question, it is sufficient for the present purpose to say that it was given to the jury without explaining that such negligence was any *653 thing more than the want of ordinary care; and the jury might well so understand it, since there was no claiip. in the-petition, nor anything in the evidence, tending to show anything more than the want of ordinary care on the part of the defendant. Moreover, the jury were instructed-that the “general rale” was subject to the-further exception that the defendant would not be exculpated, if it failed to-exercise a proper degree of care to avoid the injury, when, by the exercise of ordinary care, it might have become-aware of the danger. Thus the jury were left to find for-the plaintiff, if the defendant failed, by the exercise of ordinary care, to avoid an injury to the plaintiff, to which he-directly contributed himself by his own negligence.
The jury might, therefore, very readily find, under the-eighth rule laid down by the court, that the negligence of the plaintiff was not “ culpable,” and would therefore interpose no legal obstacle to a recovery. Especially would-this be likely to be the case, since the court declined, except in a general way, to instruct the jury so as to aid. them in arriving at a correct conclusion upon the subject of contributory negligence on the part of the plaintiff. At-all events, the misleading character of the charge upon that - subject was not obviated by specific instructions, such as-might have been very properly given, and, in response to • the special requests of the defendant, ought to have been-given by the court.
Other objections to the charge need not be here noticed, for the reason that this case was considered with., three others, in which similar questions arose, and the cases will be reported ’ in the same volume with this case, and. will contain the views of the court, so far as material, upon the remaining questions in the case.
The judgment of the District Court, and that of the-Common Pleas, must be reversed, and the cause remanded, for a new trial.
McIlvaine, Welch, White, and Rex, JJ., concurring.